

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00327-CR

Brent Eugene **BAILEY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR11769
Honorable Jefferson Moore, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: July 20, 2022

APPEAL DISMISSED FOR LACK OF JURISDICTION

Pursuant to a plea bargain agreement, the trial court imposed sentence in the underlying cause on February 21, 2019. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed March 25, 2019. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on April 8, 2019. TEX. R. APP. P. 26.3. On November 29, 2021, appellant filed a pro se "Motion for Leave to File Late Notice of Appeal." On May 27, 2022, the trial court appointed Michael Young of the Bexar County Public Defender's Office as appellate counsel.

Appellant did not file a notice of appeal and the record does not contain an order granting his motion for leave. A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id*. Having reviewed the record, it appeared the "Motion for Leave to File Late Notice of Appeal" was untimely filed. Therefore, on June 22, 2022, this court ordered appellant to show cause in writing, no later than July 7, 2022, why this appeal should not be dismissed for lack of jurisdiction. *See id*.; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

Although it appeared we lacked jurisdiction over this appeal, we also noted in our June 22nd order that the trial court's February 21, 2019 certification in this appeal stated, "this criminal case is a plea-bargain case, and the defendant has NO right of appeal" and "defendant has waived the right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides: "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).

Our June 22nd order therefore stated that if this appeal was not otherwise dismissed for lack of jurisdiction, it would be dismissed pursuant to Rule 25.2(d) unless appellant caused an

amended trial court certification to be filed, no later than July 22, 2022, showing appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.).

On July 7, 2022, appellant's counsel filed a response stating (1) appellant waived his right to appeal, (2) counsel could find no certified right of appeal for appellant after reviewing the record, (3) the trial court has lost plenary power to grant appellant leave to file a late notice of appeal, and (4) this court "has little choice but to dismiss the instant attempted appeal."

We dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish